Jose RAMON–SEPULVEDA, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 86–7536.

United States Court of Appeals, Ninth Circuit.

Submitted * Feb. 24, 1987.

Decided Aug. 10, 1987.

**750**

Mark D. Rosenbaum, Los Angeles, Cal., for petitioner.

Michael C. Johnson, Sp. Asst. U.S. Atty., Los Angeles, Cal., for respondent.

Before TANG, PREGERSON and NORRIS, Circuit Judges.

PER CURIAM:

In August 1984, we reversed a decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's order reopening deportation proceedings instituted by the Immigration and Naturalization Service (INS) against petitioner Jose Ramon-Sepulveda. *Ramon-Sepulveda v. INS,* 743 F.2d 1307 (9th Cir.1984). In so ruling, we held that the BIA abused its discretion in allowing reopening because a birth certificate, which the INS hoped to use to show alienage and which was the sole basis for its motion to reopen, was not newly discovered evidence within the meaning of 8 C.F.R. § 242.22 (1983).

In May 1986, the INS issued an order to show cause why petitioner should not be deported (OSC) against petitioner. At a hearing before the immigration judge on the OSC, the only evidence of petitioner's alienage the INS had was the same birth certificate we previously held could not be used as the basis for a motion to reopen. Deportation proceedings were continued to October 6, 1986, pending a hearing on petitioner's motion to suppress this evidence.

On September 2, 1986, petitioner filed with us the present petition for writ of mandamus, requesting that we order an immediate termination of the new deportation proceedings as violative of our prior mandate. We called for responses to the petition and now grant the writ.

■ The INS opposes mandamus on the ground that it is not barred by res judicata from instituting new deportation proceedings against petitioner. Citing *Pearson v. Williams,* 202 U.S. 281, 26 S.Ct. 608, 50 L.Ed. 1029 (1906), and *Talavera v. Pederson,* 334 F.2d 52 (6th Cir.1964), the INS asserts that "[r]es judicata is inapplicable in deportation proceedings." This assertion is without merit. The Supreme Court has stated: "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966).

■ The immigration judge's initial decision at the July 1979 deportation hearing that the INS failed to prove that Ramon-Sepulveda "is an alien" and "that he is deportable," is res judicata. The fact that deportation proceedings may be reopened under 8 C.F.R. § 242.22 when evidence unavailable at the time of the hearing is discovered does not change this conclusion. By analogy, judgments in federal district courts are final and res judicata even though they can be set aside under Fed.R. Civ.P. 60 when evidence unavailable at the time of trial is discovered. *See* 1B J. Moore, J. Lucas, T. Currier, *Moore's Federal Practice* ¶ 0.415 (1984). Because the immigration judge's initial decision is res judicata, the INS at the very least is precluded from seeking to deport petitioner

based on matters that were resolved in the earlier deportation proceedings.

 The INS also asserts that petitioner should be compelled to exhaust administrative remedies by appeal to the BIA instead of seeking mandamus from this court. We are not precluded from issuing mandamus relief by petitioner's failure to exhaust administrative remedies. *See Public Util. Comm'r v. Bonneville Power Admin.*, 767 F.2d 622, 630–31 (9th Cir.1985) (recognizing the possibility of mandamus relief, but denying it in that case). It would be futile and unreasonable to require petitioner to exhaust administrative remedies when the final result is preordained by our earlier decision. It is our mandate that the INS flouts.[1] We have the authority and the duty to preserve the effectiveness of our earlier judgment.

The petition for writ of mandamus is GRANTED. Respondent Immigration and Naturalization Service shall terminate forthwith the deportation proceedings commenced on the May 1986 order to show cause.

---

**1.** The scope of that mandate encompasses all issues "decided explicitly or by necessary implication in [the] court's previous disposition." *Liberty Mut. Ins. Co. v. EEOC,* 691 F.2d 438, 441 (9th Cir.1982).