951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hernan Francisco MORALES-MEDINA Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-9535.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Morales-Medina asks this court to review the final decision of the Board of Immigration Appeals upholding the decision of the Immigration Judge that found Mr. Morales-Medina deportable.
 
 
 3
 Mr. Morales-Medina, a 37-year-old citizen of Columbia, came to this country as an adult. In 1985, Mr. Morales-Medina was convicted of possession and sale of cocaine in Colorado. In 1988, he was convicted for the possession and sale of diazepan in Colorado. Both are felonies, and each conviction was separate, discrete, and unrelated. In short, Mr. Morales-Medina is a twice convicted narcotics dealer.
 
 
 4
 In his petition for review, Mr. Morales-Medina attacks only the several continuances allowed counsel for the INS. He asserts the Immigration Judge abused his discretion in allowing unprepared counsel these continuances. Had the continuances not been allowed, Mr. Morales-Medina asserts the Immigration Judge would necessarily have ruled in his favor thus precluding the INS's ultimately successful proof of his two felony convictions.
 
 
 5
 We commence our review by examining the significant events comprising the chronology of this case:
 
 
 6
 April 3, 1988 Proceedings commenced.
 
 
 7
 July 19, 1988 A hearing was set but was continued upon request of Mr. Morales-Medina's counsel who had vacation plans.
 
 
 8
 September 12, 1988 A hearing was set and was continued due to Mr. Morales-Medina's counsel's celebration of a religious holiday.
 
 
 9
 December 28, 1988 Mr. Morales-Medina's counsel requested a delay to permit Mr. Morales-Medina to apply for other relief.
 
 
 10
 April 13, 1989 Counsel declined to admit factual allegations concerning Mr. Morales-Medina's convictions. Case continued.
 
 
 11
 October 4, 1989 Counsel for INS requested a continuance as she did not have the file.
 
 
 12
 October 6, 1989 INS introduced the mittimus. Counsel for Mr. Morales-Medina objected contending it was superceded. Mr. Morales-Medina contended the drug involved was not on the controlled substances list. Counsel for the INS requested a continuance to establish this contested fact. Granted.
 
 
 13
 November 3, 1989 Counsel for INS introduced pertinent records and counsel for Mr. Morales-Medina objected as they were not authenticated. INS was granted time to secure authentication.
 
 
 14
 November 27, 1989 INS finally managed to place the pertinent records into evidence. The Immigration Judge then heard evidence relating to Mr. Morales-Medina's claimed rehabilitation and the hardships his deportation would cause. The Immigration Judge's decision was announced.
 
 
 15
 April 18, 1991 The Board of Immigration Appeals affirmed the decision of the Immigration Judge.
 
 
 16
 This chronology reveals the decision was delayed by INS counsel's lack of preparation from October 4, 1989 until November 27, 1989, a period of approximately seven weeks. Counsel for Mr. Morales-Medina timely objected to the continuances requested by counsel for INS.
 
 
 17
 The decision to continue deportation proceedings to a later date is committed to the sound discretion of the Immigration Judge. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988); Fitzhugh v. DEA, 813 F.2d 1248, 1252 (D.C.Cir.1987); Patel v. INS, 803 F.2d 804, 806 (5th Cir.1986); Kashefi-Zihagh v. INS, 791 F.2d 708, 710 (9th Cir.1986); 8 CFR § 242.13 (1990).
 
 
 18
 We hold the Immigration Judge did not abuse his discretion in granting these continuances. Deportation proceedings are civil, not criminal, and are "intended to provide a streamlined determination of eligibility to remain in this country, nothing more." INS v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984). The Immigration Judge granted the continuances for one purpose--to arrive at the truth. To do this, it was necessary to secure the proper documentation to establish Mr. Morales-Medina's deportability or lack thereof. The truth is that Mr. Morales-Medina had twice been convicted of serious, felony drug offenses, which facts were well known to Mr. Morales-Medina. The primary issue before the Immigration Judge was not Mr. Morales-Medina's convictions, although it became an evidentiary issue due to counsel's lack of preparation, but was, in fact, the hardship to be caused to Mr. Morales-Medina and his spouse if deportation occurred. To further emphasize this point, we note Mr. Morales-Medina entered into evidence his own records of criminal convictions at his second deportation hearing on October 6, 1989. Based upon this evidence, the Immigration Judge had clear, unequivocal and convincing evidence that Mr. Morales-Medina was deportable from the United States at that time. The further delays were only to assure this evidence was proper and accurate.
 
 
 19
 Mr. Morales-Medina next contends the continuances violated his right to due process. He asserts that had the Immigration Judge refused to grant the continuances, the Immigration Judge would have had to find Mr. Morales-Medina was not deportable, and this determination would have been res judicata and would preclude INS from ever contending he was deportable based upon these two drug convictions.
 
 
 20
 Constitutional guarantees of due process to an alien are satisfied by a full and fair hearing. Trench v. INS, 783 F.2d 181, 182-83 (10th Cir.), cert. denied, 479 U.S. 961 (1986). A purported defect does not violate due process unless it casts doubt on the fundamental fairness of the proceeding. Michelson v. INS, 897 F.2d 465, 468 (10th Cir.1990). The granting of continuances by an Immigration Judge when his discretion is not abused cannot rise to the level where doubt is cast upon the fundamental fairness of the decision.
 
 
 21
 Mr. Morales-Medina cites Ramon-Sepulveda v. INS, 824 F.2d 749 (9th Cir.1987) as authority for his due process argument. In that case, the Ninth Circuit held INS could not institute new deportation proceedings based upon a birth certificate which the court had ruled could not be used as a basis for a motion to reopen since it was not newly discovered evidence. We distinguish this case. In the case before us, we held the Immigration Judge did not abuse his discretion. In Ramon-Sepulveda, the Ninth Circuit held discretion was abused. In the case before us, INS inartfully attempted to introduce the evidence. In Ramon-Sepulveda, INS failed to attempt to use existing evidence and later attempted to use it for a second shot at deportation. Mr. Morales-Medina well knew what the INS was attempting to prove, and well knew the truth of what the INS was attempting to prove. The continuances merely delayed the inevitable.
 
 
 22
 INS asks us to hold that Ramon-Sepulveda is not the law of this circuit. This we refuse to do. Ramon-Sepulveda holds the principles of res judicata are applicable to deportation proceedings. Our decision on the facts of the case before us simply does not require us to answer this issue and any holding thereon would be mere dicta.
 
 
 23
 The decision of the Board of Immigration Appeals is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3