Crisanta **GRAGANTA NACORRA,**
Petitioner,

v.

**IMMIGRATION NATURALIZATION AND SERVICES, Respondent.**

No. 01–71723.
INS No. A42–579–134.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2002.*
Decided Dec. 6, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before BRIGHT,[**] HAWKINS and W. FLETCHER, Circuit Judges.

### MEMORANDUM[***]

■ The Board of Immigration Appeals ("BIA") and Immigration Judge ("IJ") did not abuse their discretion by denying Nacorra's third motion to reopen her *in absentia* deportation order. To the extent Nacorra claims her failure to appear at her 1992 deportation hearing was due to "exceptional circumstances," this claim is clearly time barred. Motions to reopen that are based on such claims must be filed within 180 days of the deportation order. 8 C.F.R. § 3.23(4)(iii)(A)(1). Nacorra's first motion to reopen was not filed until six years after the deportation hearing, and her most recent motion to reopen was filed more than eight years too late.

■ Nacorra alternatively seeks to rescind the *in absentia* order for lack of notice. A motion to reopen for lack of notice may be filed at any time and there is no numerical limitation on such motions. 8 C.F.R. §§ 3.2(c)(3)(i) & 3.23(4)(iii)(A)(2). This does not mean, however, that an alien may simply file *the same* motion to reopen over and over. Nacorra's motion to reopen for lack of notice has been fully litigated at least twice already.[1] Her third

motion to reopen does not present any different facts or legal theories. Accordingly, general principles of res judicata prevent relitigating matters that were finally resolved in earlier proceedings. *See Ramon–Sepulveda v. INS,* 824 F.2d 749, 750–51 (9th Cir.1987); *see also Ma Chuck Moon v. Dulles,* 237 F.2d 241 (9th Cir. 1956).

PETITION DENIED.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Her initial motion to reopen for lack of notice was denied in June 1999, and Nacorra did not appeal from that decision. When she filed an identical motion to reopen in November 1999, the IJ noted that it had already decided the motion and thus treated her new motion as a motion to reconsider the denial of the earlier motion. After reviewing the June 1999 decision, the IJ denied Nacorra's second motion as well. Nacorra appealed this denial to the BIA, but her appeal was untimely, and the IJ's decision thus became final.