Jorge Luis **GARZA–GORENA,**
Petitioner,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 03–73348.

Agency No. A10–523–269.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.[*]

Decided Dec. 13, 2004.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

---

[*] The panel unanimously finds this case suitable

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ernesto H, Molina, Jr., Earle B. Wilson, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Jorge Luis Garza–Gorena, a native of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") order of removal. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), our jurisdiction is governed by 8 U.S.C. § 1105a(a). We review de novo, *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002), and deny the petition.

Garza–Gorena's sole contention is that he is a U.S. citizen and therefore cannot be removed for his criminal offenses. Garza–Gorena's alienage has been established twice, in his 1974 deportation hearing and in his 1987 conviction for illegal re-entry pursuant to 8 U.S.C. § 1326. General principles of res judicata and collateral estoppel prevent him from re-litigating matters that were finally resolved in earlier proceedings. *See Ramon–Sepulveda v. INS,* 824 F.2d 749, 750 (9th Cir.1987) (per curiam) (holding that the doctrine of res judicata applies to deportation proceedings); *see also Pena–Cabanillas v. U.S.,* 394 F.2d 785, 789 (9th Cir.1968) (holding

that collateral estoppel bars an alien from asserting U.S. citizenship when he has been previously convicted for a false claim to U.S. citizenship).

Garza–Gorena's contention that collateral estoppel and res judicata do not apply because his claim of U.S. citizenship was not "fully litigated" in the prior proceedings fails. Garza–Gorena asserted U.S. citizenship and presented evidence regarding his claim at his 1974 deportation hearing.

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

