**SI KAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70953.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 *.

Filed May 23, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bruno J. Bembi, Esq., Hempstead, NY, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Si Kao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reopen deportation proceedings so as to apply for asylum. To the extent we have jurisdiction it is under 8 U.S.C. § 1252. We review de novo questions of law, and review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

■ Kao contends that the BIA erred when it found that he received proper notice of the 1993 immigration hearing. This claim is barred by the res judicata doctrine. *See Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir.2003) (applying res judicata when there is an identity of claims, a final judgment on the merits, and privity between parties); *Ramon–Sepulveda v. INS*, 824 F.2d 749, 750 (9th Cir.1987) (per curiam) (holding that the defense of res judicata may be invoked in immigration proceedings).

■ Kao contends that his 2005 motion to reopen was not time-barred because the documents he submitted established changed conditions in China. The BIA did not abuse its discretion when it declined to consider the documents because Kao did not submit them to the IJ with his motion to reopen and did not file a motion to remand before the BIA. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (requiring a party asserting that the BIA cannot properly resolve an appeal without further fact-finding first to file a motion for remand).

Further, the BIA did not abuse its discretion when it concluded, in the alternative, that Kao did not establish changed conditions in China because the coercive policies he discussed in his 2005 appeal predated his arrival in the United States and the issuance of an order to show cause in 1993, and his 1993 and 1997 asylum applications. Kao's motion was therefore untimely. *See* 8 C.F.R. § 1003.23(b)(4)(i).

■ Kao's reliance on *In re G–C–L–*, 23 I. & N. Dec. 359 (BIA 2002), is misplaced because there the BIA exercised its sua sponte power. *See id.* at 360–61. To the extent the BIA declined to exercise sua sponte power to reopen Kao's case, we lack jurisdiction. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

Kao's remaining contentions are not persuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**