**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANJIT SINGH, | No. 06-70090 |
| Petitioner, | Agency Nos. A072-372-890 |
| v. | A072-372-890 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2010[**]
San Francisco, California

Before: HUG, RYMER, and McKEOWN, Circuit Judges.

Ranjit Singh ("Singh") seeks review of the Board of Immigration Appeals's

("BIA") decision dismissing his appeal and affirming the Immigration Judge's

("IJ") order of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny

the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Singh was charged as removable as an alien who, at the time of entry into the United States, was inadmissible as an immigrant not in possession of a valid entry document. Although Singh applied for asylum, he failed to appear for his asylum interview. Nor did he appear at the January 2, 2004 master calendar hearing after he was issued a Notice to Appear. The IJ terminated the proceedings without prejudice because the Department of Homeland Security ("DHS") failed to establish alienage.

The government subsequently instituted new proceedings on the same grounds. Singh denied all the factual allegations and contested removability. To meet its burden of establishing alienage, the government offered a copy of an Immigrant Petition for Alien Worker ("I-140") which listed Singh as the beneficiary and said his place of birth was India. The IJ found that this document was sufficient to shift the burden of proof to Singh to establish his time, place, and manner of entry into the United States. Singh was unable to do so.

Singh previously indicated that he would apply for asylum, withholding of removal, and relief under the Convention Against Torture. However, at a hearing held for that purpose, Singh declined to apply for relief and instead denied the factual allegations in the Notice to Appear. Taking note of this fact, the IJ

concluded that Singh's original asylum application was deemed abandoned and Singh was ordered removed to India.

Singh appealed to the BIA, arguing that he was denied full and fair proceedings because the original hearing—in which he did not appear—was not recorded. He also argued that the DHS could not initiate new proceedings based on the same factual allegations as the original proceedings. Finally, he claimed that the I-140 form did not establish alienage by clear and convincing evidence.[1] The BIA dismissed the appeal.

We review de novo claims of due process violations in deportation proceedings as well as the BIA's determination of purely legal questions. Castillo-Perez v. INS, 212 F.3d 518, 523 (9th Cir. 2000). "Factual findings by the BIA are conclusive if supported by reasonable, substantial, and probative evidence on the record considered as a whole." Molina-Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir. 2002) (internal quotation marks and citations omitted). Where, as here, the BIA cites its decision in Matter of Burbano, 20 I.&N. Dec. 872 (BIA 1994),

---

[1] Singh also argued that the petition should not have been admitted into evidence because he did not have the opportunity to cross-examine the petitioner. The BIA did not consider this argument on appeal. Because Singh did not object on this ground in front of the IJ, the BIA was not required to rule on it. Matter of Jimenez-Santillano, 21 I&N Dec. 567, 570 n.2 (BIA 1996). We therefore consider this argument waived.

3

without expressing disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety.  Abebe v. Gonzales, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc).

## I.

Singh has failed to show that he was prejudiced in any way by the lack of a transcript at the January 2004 hearing.  His chief argument is that he has no way of knowing whether the I-140 document was previously submitted and rejected by the IJ.  Absent, at the very least, some plausible reason to think the document had in fact been submitted, there is no prejudice to Singh.  To the contrary, the IJ reported that the only documents she had before her at the first hearing were the Notice to Appear and Singh's asylum application.  If she had considered and rejected the I-140 form, she would have been required to enter it in the record as evidence.

## II.

Singh has not contested any of the significant facts contained in the I-140 document which was kept on file with the DHS.  The name on the file was identical to Singh's and it was signed by his employer on his behalf three years earlier in order to help Singh obtain permanent resident status.  The document was not prepared in contemplation of litigation.

We have held that "name identity alone is sufficient to prove identity of persons in the absence of probative rebuttal evidence." Corona-Palomera v. INS, 661 F.2d 814, 817 (9th Cir. 1981). The I-140 form was sufficient to shift the burden to Singh to show the time, place, and manner of his entry into the United States. Singh offers no authority to the contrary.

III.

The January 2, 2004 proceedings had no preclusive effect on the issue of Singh's alienage. The IJ held that the DHS failed to meet its burden of showing that Singh was an alien and she terminated the proceedings without prejudice. There was no appeal, and thus no mandate from the BIA or from this court.

Singh's reliance on Ramon-Sepulveda v. INS, 824 F.2d 749 (9th Cir. 1987) is inapposite. In Ramon-Sepulveda we held that res judicata barred the Immigration and Naturalization Service ("INS") from bringing a new Notice to Appear where we had already ruled that the INS could not reopen proceedings to admit a birth certificate which was not newly discovered. Id. at 750-51. Here, the IJ expressly left open the possibility that new removal proceedings could be initiated by terminating the case *without* prejudice. Singh has not "shown that an issue involved in the present action was finally and conclusively resolved in his

favor." Fernhoff v. Tahoe Regional Planning Agency, 803 F.2d 979, 986 (9th Cir. 1986).

**PETITION DENIED.**