MEMORANDUM *
Ana Beatriz Biocini, a native and citizen of Columbia, petitions for review of a decision of the Board of Immigration Appeals that denied her application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture. Biocini asserted a fear of persecution or torture on account of her status as a U.S. drug informant. The BIA affirmed the immigration judge’s (IJ) determination that Biocini’s conviction for conspiracy to distribute cocaine under 21 U.S.C. § 846 is presumptively a particularly serious crime pursuant to Matter of Y-L-, 23 I. & N. Dec. 270 (AG 2002). We have jurisdiction to review questions of law pursuant to 8 U.S.C. § 1252(a)(2)(D), and we grant and remand the petition in part and dismiss the petition in part.
The BIA erred in applying Matter of YL- to the drug trafficking conviction. See Miguel-Miguel v. Gonzales, 500 F.3d 941, 951 (9th Cir.2007). At the time Biocini pleaded guilty to her trafficking charge, Congress had enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). The Act provided that “Aggravated felonies for which an alien receives a sentence of imprisonment of five years or more are particularly serious crimes per se.” Blandino-Medina v. Holder, 712 F.3d 1338, 1345 (9th Cir.2013) (footnote omitted). However, outside of this per se class, the agency is required “to conduct a case-by-case analysis of convictions falling outside the category.” Id.; see also 8 U.S.C. § 1231(b)(3)(B)(iv) (“[T]he Attorney General [can determine] that, notwithstanding the length of sen *632 tence imposed, an alien has been convicted of a particularly serious crime.”)- As the time-line in Blmdino-Medina shows, the BIA was required to apply a case-by-case analysis to Biocini’s conviction. See 712 F.3d at 1343-15.
Here, however, it is unclear whether the BIA applied a case-by-case analysis to her conviction. First, the BIA cited Matter of Gonzalez, 19 I. & N. Dec. 682, 684 (BIA 1988), for the proposition that at the time Biocini pleased guilty her crime was per se a particularly serious crime. Given the precedent at the time and the 1996 amendments, this categorical determination by the BIA was error. See Beltran-Zavala v. INS, 912 F.2d 1027 (9th Cir.1990); see also Matter of L-S-, 22 I. & N. Dec. 645 (BIA 1999) (“Under Section 241(b)(3)(B)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(B)(ii) (Supp. II 1996), a determination whether an alien convicted of an aggravated felony and sentenced to less than 5 years’ imprisonment has been convicted of a ‘particularly serious crime,’ thus barring the alien from withholding of removal, requires an individual examination of the nature of the conviction, the sentence imposed, and the circumstances and underlying facts of the conviction.); id. at 651 (“[I]n the absence of a rule that every conviction under a certain category of crimes constitutes a particularly serious crime, consideration of the individual facts and circumstances is appropriate.”). While the BIA cited to Matter of Frentescu, 18 I. & N. Dec. 244 (BIA 1982), we cannot determine whether the BIA appropriately considered all four of the factors. Given the BIA’s legal errors and its failure to clearly address two of the four Frentes-cu factors, we remand so that the BIA can apply the Frentescu factors such that we may conduct a meaningful review of the decision. See Afridi v. Gonzales, 442 F.3d 1212, 1220 n. 4 (9th Cir.2006), overruled on other grounds by Estrada-Espinoza v. Mukasey, 546 F.3d 1147 (9th Cir.2008) (en banc). The petitioners’ remaining claims are dismissed.
The parties shall bear their own costs on appeal.
PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.