**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL GREGORIO ULLOA-GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 19-70525<br><br>Agency No. A037-801-784<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2020[**]
San Francisco, California

Before: W. FLETCHER and IKUTA, Circuit Judges, and SCHREIER,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Karen E. Schreier, United States District Judge for the
District of South Dakota, sitting by designation.

Raul Gregorio Ulloa-Gutierrez petitions for review of a decision by the Board of Immigration Appeals ("BIA") holding that he is issue precluded from relitigating facts underlying his derivative citizenship claim. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1. Jurisdiction: Ulloa-Gutierrez's jurisdictional argument fails. The lack of a time, date, and place in the notice to appear did not deprive the immigration court of jurisdiction because Ulloa-Gutierrez was provided sufficient notice of the location and time of the hearing. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

2. Issue Preclusion: The BIA correctly held that Ulloa-Gutierrez was issue precluded by a prior decision by an Immigration Judge ("IJ") that he lacked derivative citizenship because his mother, a United States citizen, had not lived in the country for one year before he was born. *See* 8 U.S.C. § 1409(c). Issue preclusion may apply when an agency acts in a judicial capacity to resolve disputed issues that are properly before it. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147–49 (2015); *see also*, *e.g.*, *Ramon-Sepulveda v. INS*, 824 F.2d 749, 750 (9th Cir. 1987) (per curiam) (applying issue preclusion in removal proceedings). Issue preclusion applies when: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the

prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012). All four conditions are satisfied here.

First, the issue was identical in both proceedings: whether Rosa, Ulloa-Gutierrez's mother, lived in the United States for at least a year before Ulloa-Gutierrez's birth. Second, the issue was actually litigated and decided in the prior proceeding. *See Janjua v. Neufeld*, 933 F.3d 1061, 1066 (9th Cir. 2019). Here, Rosa's residency was the central issue in the prior proceeding. The IJ held two hearings, and the issue was decided on the merits. Third, Ulloa-Gutierrez must have had a "full and fair opportunity to litigate the issue" in the prior proceeding. He argues that not all relevant evidence was presented, but he did not lack the opportunity to present it. *See Oyeniran*, 672 F.3d at 807 (noting that the "introduction of new evidence . . . is not an exception" to issue preclusion). Ineffectiveness of counsel does not establish that a litigant lacked a "full and fair opportunity to litigate."[1] Fourth, the issue was necessary to decide the merits in the prior proceeding.

---

[1] It is true that, in an unsigned draft opinion, the IJ weighed the evidence differently. But this document has no legal significance, and if considered, it only weakens Ulloa-Gutierrez's argument because it indicates that the IJ fully considered all sides of the issue.

3.  Other Arguments:  Ulloa-Gutierrez argues that the IJ in this case "misapplied, misunderstood, and/or confused the different burdens or proof." However, in applying issue preclusion, the IJ did not find any facts and did not rely on a burden of proof.  Ulloa-Gutierrez also argues that the BIA erred in basing its decision on the denials of his N-600 applications. The BIA explicitly stated that it did not base its decision on these denials.

**PETITION DENIED.**